**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Respondent,

vs.

JOHN ALAN BREECE,

Movant.

No. CR S-03-0514-FCD-CMK
CIV S-05-1231-FCD-CMK

FINDINGS AND RECOMMENDATIONS

________________________________/

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is movant's motion (Doc. 35). Respondent has filed an opposition (Doc. 43). Movant has not filed a reply.

Movant pleaded guilty to shipping by computer visual depictions of minors engaged in sexual activity, and was sentenced to 87 months in prison. In his motion to correct or set aside the judgment, movant raises three claims. First, movant argues that the plea agreement he signed violates his right against double jeopardy. Second, movant argues that his sentence, imposed under the Federal Sentencing Guidelines, violates the rule announced in United States v. Booker, 543 U.S. 220 (2005). Third, movant asserts that he received ineffective assistance of counsel because counsel failed to advise him of his rights under Washington v. Blakely, 542 U.S.

296 (2004). Respondent argues that the first two claims are barred by a waiver contained in the plea agreement. Respondent also argues that all three claims lack merit.

Turning first to the plea waiver, the court has reviewed the plea agreement and concludes that movant validly waived his right to appeal or collaterally attack either the conviction or sentence. These waivers were knowing and voluntary and, therefore, bar review of movant's first two claims. See United States v. Baramdyka, 95 F.3d 840 (9th Cir. 1996). Even if the claims were not barred, they would both fail on the merits. First, a plea agreement does not violate the Double Jeopardy Clause of the Sixth Amendment. See United States v. Hernandez-Guardado, 228 F.3d 1017, 1028 (9th Cir. 2000). Second, as to whether the sentence violated Booker, even if it did, and even if movant had not waived collateral attack, Booker is not retroactive and does not apply to cases where, as here, the conviction was final before Booker was decided. See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005). Moreover, logically there can be no Booker violation because movant admitted to the special offense characteristics cited by the trial court in sentencing.

As to movant's final claim, the plea waivers do not bar review of an ineffective assistance of counsel claim. See United States v. Abarca, 995 F.3d 1014 (9th Cir. 1993). Movant asserts that his trial counsel was ineffective because he failed to advise him of his rights under Blakely. On the merits, the claim must be denied because Blakely was not decided until five weeks after movant entered into the plea agreement.

Based on the foregoing, the undersigned recommends that movant's motion pursuant to 28 U.S.C. § 2255 be denied and that the Clerk of the Court be directed to close companion civil case CIV-S-05-1231-FCD-CMK.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE